UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**WILLIE LEE WILBON, III**                                        **CIVIL ACTION**

**VERSUS**                                                       **NO. 10-4281**

**STATE OF LOUISIANA, ET AL.**                                   **SECTION "R"(1)**

**REPORT AND RECOMMENDATION**

Plaintiff, Willie Lee Wilbon, III, a state prisoner, filed this *pro se* civil action pursuant to 42 U.S.C. § 1983 against the State of Louisiana, Attorney General Buddy Caldwell, and Governor Bobby Jindal.  As relief, plaintiff seeks monetary damages.

In this lawsuit, plaintiff claims that he was subjected to an illegal search and seizure, false arrest, and false imprisonment stemming from events which occurred on August 4, 2002.  As a result of that arrest, he ultimately pleaded guilty to four counts of armed robbery and was sentenced to four concurrent terms of twenty-five years imprisonment without benefit of probation, parole, or suspension of sentence.  On November 15, 2006, the Louisiana Fourth Circuit Court of Appeal affirmed his convictions and sentences.  State v. Wilbon, 943 So.2d 1279 (La. App. 4th Cir. 2006) (Table).[1]  The Louisiana Supreme Court then denied his related writ application on October 5, 2007. State v. Wilbon, 964 So.2d 938 (La. 2007).

---

[1]   A copy of that unpublished decision is attached to this Report and Recommendation.

I. Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those

claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[2] the Court nevertheless finds that, for the following reasons, the complaint should be dismissed as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary relief from a defendant who is immune from such relief.

---

[2]   The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

II. Prescription

The Court first notes that plaintiff's claims are clearly prescribed. The claims asserted in this lawsuit accrued in 2002. See Wallace v. Kato, 549 U.S. 384 (2007); McCloud v. Jarus, Civ. Action No. 09-0121, 2010 WL 103684, at *6-7 (E.D. La. Jan. 7, 2010); Jordan v. Strain, Civ. Action No. 09-3565, 2009 WL 2900013, at *2 (E.D. La. Aug. 28, 2009); Shipp v. Richardson, Civ. Action No. 3:07CV-P693-S, 2008 WL 2358859, at *2 (W.D. Ky. June 7, 2008). Plaintiff thereafter had only one year to bring his claims pursuant to 42 U.S.C. § 1983. See Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998) ("[F]or a § 1983 action, the court looks to the forum state's personal-injury limitations period. In Louisiana, that period is one year." (citation omitted)); see also Clifford v. Gibbs, 298 F.3d 328, 332 (5th Cir. 2002); Smith v. Orleans Parish Prison, Civ. Action No. 08-3786, 2008 WL 2951279, at *1 (E.D. La. July 25, 2008). However, plaintiff's federal complaint was filed no earlier than November 3, 2010,[3] more than *eight years* after his claims accrued in 2002. Accordingly, his claims prescribed long before the instant lawsuit was filed. A complaint asserting prescribed claims is properly dismissed as frivolous. See, e.g., Brown v. Pool, 79 Fed. App'x 15, 17 (5th Cir. 2003); Gonzales v. Wyatt, 157 F.3d 1016, 1019-20 (5th Cir. 1998); Smith, 2008 WL 2951279, at *2.

---

[3] A prisoner's complaint is considered "filed" when it is given to the prison authorities for mailing to the Clerk of Court. Cooper v. Brookshire, 70 F.3d 377, 378 (5th Cir. 1995). In the instant case, that date could not have been earlier than the date of the complaint was signed, November 3, 2010.

### III. Failure to Name a Proper Defendant

Second, even if the claims were not prescribed, it is evident that plaintiff has not named a proper defendant for the following reasons.

### A. The State of Louisiana

Plaintiff has named the State of Louisiana as a defendant. That is clearly improper, in that a state is not a "person" subject to suit under 42 U.S.C. § 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 66 (1989); Cronen v. Texas Department of Human Services, 977 F.2d 934, 936 (5th Cir. 1992); Tyson v. Reed, Civ. Action No. 09-7619, 2010 WL 360362, at *3 (E.D. La. Jan. 21, 2010).

Moreover, pursuant to the Eleventh Amendment, "[c]itizens may not bring suit against a state or any instrumentality thereof without the state's consent." Rodriguez v. Texas Commission on the Arts, 199 F.3d 279, 280 (5th Cir. 2000); see also U.S. Const. amend. XI. Therefore, unless the State of Louisiana has waived its immunity, the state's citizens are barred from filing suit against the state in federal court. Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 280 (5th Cir. 2002); Tyson, 2010 WL 360362, at *3. It is clear that the State of Louisiana has not waived its constitutional immunity. The United States Fifth Circuit Court of Appeals has noted:

> By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court. See La.Rev.Stat.Ann. § 13:5106(A).
> Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power. We note that in enacting § 1983, Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.

Cozzo, 279 F.3d at 281 (quotation marks and citations omitted).

5

### B. Attorney General Caldwell and Governor Jindal

Plaintiff also named Attorney General Caldwell and Governor Jindal as defendants. However, plaintiff has stated no cognizable claim against those defendants in either their individual or official capacities.

Clearly, plaintiff has not stated a claim against either Caldwell on Jindal in their individual capacities. "Plaintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted). "Personal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). Plaintiff has not alleged that Caldwell and Jindal were personally involved with the purported civil rights violations in this case; indeed, plaintiff could not, in that neither defendant was in office when the alleged violations occurred in 2002.

Any claims against Caldwell and Jindal in their official capacities likewise fail. State officials in their official capacities are not "persons" subject to suit under § 1983 with respect to claims for monetary damages. Will, 491 U.S. at 71; Stotter v. University of Texas, 508 F.3d 812, 821 (5th Cir. 2007); Harris v. City of Hammond, Civ. Action No. 07-3890, 2008 WL 4469112, at *3 (E.D. La. Sept. 30, 2008); Henson v. Blanco, Civ. Action No. 06-0269, 2006 WL 3087183, at *1 (E.D. La. Oct. 24, 2006). Moreover, because a § 1983 claim against a state official in his official capacity for monetary damages is actually a claim against the state itself, such a claim is barred by the Eleventh Amendment. Williams v. Thomas, 169 Fed. App'x 285, 286 (5th Cir. 2006); Harris,

2008 WL 4469112, at *3; Henson, 2006 WL 3087183, at *1; Muhammad v. Louisiana, Civ. Action Nos. 99-2694 and 99-3742, 2000 WL 1568210, at *3 (E.D. La. Oct. 18, 2000).

## IV.  Heck Bar

Lastly, out of an abundance of caution, the Court notes that a third basis for dismissal also exists: plaintiff's claims are currently barred by Heck v. Humphrey, 512 U.S. 477 (1994). Where, as here, an individual was ultimately convicted as a result of the challenged arrest and that conviction remains in force, Heck bars any false arrest claim until such time as the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*. See Wallace v. Kato, 549 U.S. 384, 394 (2007); see also Queen v. Purser, 109 Fed. App'x 659, 660 (5th Cir. 2004); Landor v. Hogue, Civ. Action No. 07-9171, 2008 WL 243950, at *3 (E.D. La. Jan. 25, 2008). The same is true with respect to a related false imprisonment claim. Jackson v. Terrell Police Department, Civ. Action No. 3:09-CV-2307, 2010 WL 183935, at *2-3 (N.D. Tex. Jan. 19, 2010); Burgo v. Ruiz, Civ. Action No. 09-1165, 2009 WL 5108390, at *2-3 (W.D. La. Dec. 15, 2009); Landor, 2008 WL 243950, at *3.  Heck likewise bars a related illegal search and seizure claim. See Johnson v. Bradford, 72 Fed. App'x 98, 99 (5th Cir. 2003); Hall v. Lorenz, No. 02-50312, 2002 WL 31049457 (5th Cir. Aug. 30, 2002).

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's claims be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[4]

New Orleans, Louisiana, this twenty-second day of November, 2010.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[4]  Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.